THE STATE, HENRY SIEMERS, PROSECUTOR, v. GUSTAV HAUSER, DEFENDANT.

An action upon a written contract, whereby plaintiff is to receive a sum equal to a certain percentage of such reduction in city liens on defendant's property as he (plaintiff) can obtain from the city authorities, cannot be maintained where the reduction claimed had been made by the authorities prior to the date of the contract in suit.

Whether such an undertaking is void as against public policy, *quære.*

*Certiorari* to the District Court of Hoboken.

Argued at June Term, 1889, before Justices REED, MAGIE and GARRISON.

For the prosecutor, *Samuel A. Besson.*

For the defendant, *William S. Stuhr.*

The opinion of the court was delivered by

GARRISON, J.   The contract upon which this action is founded is in these words:

"HOBOKEN, August 12, 1886.

"Whereas, Gustav Hauser has purchased lots 1, 2, 3 and 4 on block 71, Coster map, on the Northeast corner of Grand and Fifth streets, and has sold them to Henry Siemers, of Hoboken, aforesaid, for the same price paid by said Hauser, represents that the city authorities of Hoboken would probably be disposed to reduce the city liens against said premises, said Siemers agrees to make valuable improvements thereon; and whereas, the said property was purchased by said Hauser at the instigation of said Siemers.   Now the said Henry Siemers hereby agrees to pay said Hauser for securing said lots and for his search, expenses and services connected with said transfers a sum equal to ten per cent. of whatever reduction said Siemers can obtain from said city authorities in said city liens.                                   "H. SIEMERS."

Upon the argument the question mainly discussed was the validity of this contract. The construction of the prosecutor was, that an action could not be maintained upon it, upon the ground that an undertaking to influence municipal authorities in such a matter is void as against public policy.

The infirmity of the plaintiff's case lies, however, much nearer the surface. An examination of the case shows that no reduction in respect to city liens upon the defendant's lands was obtained.

The deed from plaintiff to defendant was dated August 12th, 1886 ; the agreement which plaintiff now seeks to enforce was made upon the same day.

"An act relative to interest on arrears of taxes and assessments in the cities of this state" (*Pamph. L.* 1886, *p.* 18), was approved February 9th, 1886.

This act gave to the owner of any real estate in any city of this state the right to discharge city liens against his lands by paying to the proper city authorities the amount thereof with interest at the rate of seven per centum, it being provided that the provisions of this act be first adopted by the resolution of city council of such city.

The minutes of the council of the city of Hoboken for March 9th, 1886, contains this resolution : "Resolved, That the said treasurer be and he is hereby directed to receive 7 per cent. interest on all property sold to the mayor and council in arrears of taxes and assessments, being in accordance with an act of the legislature, approved February 9th, 1886."

The effect of this action, conjointly of the legislature and the municipality, was to fix the rate at which interest previously higher would be accepted, and to vest in the owners of the class of property therein mentioned a right. The defendant was one of the class of owners thus affected, and the rate thus fixed is the rate at which plaintiff claims to have settled the liens in question. From this statement it is clear that all the plaintiff claims to have done under his contract is, the exercise by him of a right which had previously vested in the defendant. The reduction in the rate of interest resulted

solely from the action of council in adopting the provisions of the legislative act in question. The act had been adopted some months before the contract in suit was signed. How, then, did the plaintiff obtain any reduction from what defendant had to pay at the time of their agreement? The sum which would discharge the liens was the same after the agreement as it was before the making of it. At both periods it grew out of the rights vested in the defendant as the owner of the lands, and not upon anything obtained from the city authorities by the plaintiff.

The verdict for plaintiff rendered below cannot be permitted to stand, based, as it is, upon his having obtained a reduction under his contract with defendant; whereas, the facts are that he obtained nothing for him, and that there was no reduction.

The judgment of the District Court should be reversed, and a judgment entered for the defendant.